# In the United States Court of Federal Claims

No. 12-173C
(Filed: August 21, 2012)

KINGDOMWARE
TECHNOLOGIES, INC.,

               Plaintiff,

v.

THE UNITED STATES,

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF NOT CONNECTED TO A SPECIFIC PROCUREMENT ACTION

Plaintiff Kingdomware Technologies, Inc. ("plaintiff"), a service disabled veteran owned small business, filed an amended complaint in this bid protest case on July 18, 2012, alleging that the Department of Veterans Affairs ("VA") conducted three procurements, in which plaintiff was involved, in violation of the Veterans Benefits, Health Care, and Information Technology Act of 2006, 38 U.S.C. §§ 8127-28 (2006) ("the 2006 Act") by failing to set aside those procurements for service disabled veteran owned small businesses. Plaintiff also seeks declaratory and injunctive relief compelling the VA to conduct all future procurements in compliance with the 2006 Act. Plaintiff has agreed to dismiss plaintiff's additional claim for bid protest costs.

The government does not now move to dismiss plaintiff's claims for declaratory and injunctive relief in connection with the three VA procurements described in plaintiff's complaint, or plaintiff's claims for fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] Def.'s Reply at 6 n.4 ("In short, all requests for relief in Kingdomware's . . . amend[ed] complaint should be removed with the

---

[1] EAJA provides that "a [federal trial] court shall award to a prevailing party other than the United States fees and other expenses . . . in any civil action . . . brought by or against the United States in any court having jurisdiction of that action[.] " 28 U.S.C. § 2412(d)(1)(A).

exception of the . . . provisions . . . which either relate to a specific procurement or are otherwise within this Court's jurisdiction.").[2]  The only question before the court is whether plaintiff's claims for prospective declaratory and injunctive relief unconnected to a specific procurement action are jurisdictionally barred.  A status conference was held on this issue on August 21, 2012.

After consideration of the parties' arguments, the court finds that it lacks jurisdiction to prospectively compel VA to comply with the 2006 Act, enjoin VA from soliciting acquisitions inconsistent with the 2006 Act, or declare that VA's actions violate the 2006 Act when those actions are not connected to a specific procurement before the court.  The court does not have jurisdiction to grant injunctive or declaratory relief for violations of law not connected with a procurement action to which plaintiff is an interested party.  See Distributed Solutions, Inc. v. United States, 539 F.3d 1340, 1344-45 (Fed. Cir. 2008) (holding that to establish bid protest jurisdiction under the Tucker Act, a plaintiff must be an interested party and allege a statutory or regulatory violation in connection with a procurement or a proposed procurement); 28 U.S.C. § 1491(b)(1); see also Am. Fed. Of Gov't Emps., AFL-CIO v. United States, 258 F.3d 1294, 1302 (Fed. Cir. 2001) (holding that "Congress intended standing under the [Tucker Act] to be limited to disappointed bidders").

In its amended complaint, plaintiff seeks an order enjoining VA to comply with the 2006 Act and prohibiting VA from conducting solicitations in violation of the 2006 Act.  Am. Compl. at 18 ¶¶ 1(e), 1(f); id. at 19 ¶¶ 2(d), 2(e); id. at 20 ¶ 3(c).  These requests for injunctive relief do not pertain to a specific procurement action to which plaintiff is an interested party, and the court concludes that it lacks jurisdiction over these claims for relief.  Moreover, plaintiff's request for an order declaring that the government violated the 2006 Act not connected to a specific procurement action, Am. Compl. at 17

---

[2] The government lists with specificity the claims in plaintiff's amended complaint to which it does not object as follows: "¶¶ 1(b), 2(a), 3(a), (d), ([e]), which either relate to a specific procurement or are otherwise within this Court's jurisdiction."  Def.'s Reply at 6 n.4.

Paragraphs 1(b), 2(a), and 3(a) request injunctive relief directing the VA to terminate and re-solicit the three challenged contracts.  Am. Compl. at 17 ¶ 1(b), 18 ¶ 2(a), 20 ¶ 3(a).  Paragraph 3(d) requests "reasonable fees, costs, expenses, and disbursements, including attorneys' fees, associated with this litigation under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)."  Id. at 21.  Paragraphs 1(g) and 2(f) request identical relief for fees and costs.  Id. at 18, 20.  Paragraph 3(e) seeks "additional and further relief as the Court may deem just, proper, and necessary."  Id. at 21.  Paragraphs 1(h) and 2(g) seek identical further relief.  Id. at 18, 20.  The court therefore construes the government's written consent as encompassing plaintiff's claims for injunctive relief in connection with the three specific VA procurements outlined in the amended complaint, plaintiff's claims for fees and costs, and plaintiff's claims for further relief as the court deems just.  Am. Compl. at 17-21 ¶¶ 1(b), 1(g), 1(h), 2(a), 2(f), 2(g), 3(a), 3(d), 3(e).

¶¶ 1(c), 1(d); <u>id.</u> at 19 ¶¶ 2(b), 2(c); <u>id.</u> at 20 ¶ 3(b), is for the same reason jurisdictionally barred.  The court therefore **GRANTS** the government's motion to dismiss these claims for relief in plaintiff's amended complaint, and plaintiff's claim for bid protest costs, which the plaintiff agrees to voluntarily dismiss.

Plaintiff's remaining claims, which arise in connection with three specific procurement actions of the VA, shall proceed in accordance with the briefing schedule set forth in the separate order issued on this same date.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge
